JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 246 | **DATE** | 5/30/2002 |
| **CASE TITLE** | SCOTT SORNBERGER, et al vs. FIRST MIDWEST BANCORP.INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' 28 USC Section 1404(a) motions to transfer this case to the Central District of Illinois, Peoria Division, are granted. Defendant First Midwest Bancorp's motion to dismiss is dismissed without prejudice to being presented before th transferee court.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 04 2002 | |
| | Notified counsel by telephone. | | date docketed | 38 |
| ✓ | Docketing to mail notices. | | CDY | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| | courtroom | 02 JUN -3 AM 9:43 | date mailed notice | |
| TBK | deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SCOTT SORNBERGER and TERESA )
SORNBERGER, individually and on )
behalf of their children, CLAUDE )
SPINALL and KAYLA BOWDEN, )
)
             Plaintiffs, )  No. 02 C 246
)  Paul E. Plunkett, Senior Judge
   v. )
)
FIRST MIDWEST BANCORP, INC., d/b/a )
FIRST MIDWEST BANK, CITY OF )
KNOXVILLE, CITY OF GALESBURG, )
RICK PESCI, DENNIS SHEPPARD, )
ANTHONY RILEY and DAVID CLAUGE, )
)
             Defendants. )

DOCKETED
JUN 0 4 2002

### MEMORANDUM OPINION AND ORDER

Plaintiffs have sued the municipal and individual defendants[1] for a variety of state and federal torts and the corporate defendant for breach of contract. The case is before the Court on motions to transfer venue to the Central District of Illinois, Peoria Division ("Central District") filed by First Midwest Bancorp, Inc., City of Knoxville and Rick Pesci (collectively, "defendants"). For the reasons set forth below, the motions are granted.

---

[1]The claims against three other defendants, Knox County, Paul Mangieri and Keith Rickard, were dismissed on March 13, 2002.

## Discussion

The Court may "[f]or the convenience of parties and witnesses [and] in the interest of justice . . . transfer any civil action to another district or division where it might have been brought." 28 U.S.C. § ("section") 1404(a). Transfer is appropriate if: 1) venue is proper in the transferor district; 2) venue and jurisdiction are proper in the transferee district; and 3) the transfer will serve the convenience of the parties and witnesses and the interests of justice. Id.; see Chicago R.I. & P.R., Co. v. Igoe, 212 F.2d 378, 379 n.1 (7th Cir. 1954) (noting that section 1404(a) "presupposes two jurisdictions in which venue may be laid"). The parties do not dispute that venue is proper in this district. Nor do they dispute that jurisdiction and venue would be proper in the Central District. The only question, then, is whether defendants have met their burden of establishing "that the [Central District] is clearly more convenient." Coffey v. Van Dorn Iron Works, Inc., 796 F.2d 217, 219-20 (7th Cir. 1986).

To answer that question, the Court must evaluate both the private interests of the parties and the public interest in the efficient administration of justice. Tensor Group, Inc. v. All Press Parts & Equip., Inc., 966 F. Supp. 727, 728 (N.D. Ill. 1997); see Coffey, 796 F.2d at 219 n.3 (stating that statutory factors are "placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case"). Private interests include: "(1) plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof in each forum . . . [and] (4) convenience to the parties – specifically, their respective residences and abilities to bear the expense of trial in a particular forum." Von Holdt v. Husky Injection Molding Sys., Ltd., 887 F. Supp. 185, 188 (N.D. Ill. 1995). Public interest factors include "such concerns as ensuring speedy

trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989).

Defendant "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." Coffey, 796 F.2d at 219-20. Contrary to plaintiffs' belief, however, that does not mean that defendants are required to submit affidavits or other evidence in support of their motion. Rather, defendants must submit evidence only if their version of the facts contradicts that alleged in the complaint. See, e.g., Avery Dennison Corp. v. Flexcon Co., Inc., No. 96 C 4820, 1997 WL 106252, at *1 (N.D. Ill. Feb. 10, 1997) ("In considering a motion to transfer venue, the court accepts all well-pleaded allegations in the complaint as true unless controverted by defendants' affidavits."). Defendants' motions assume the truth of plaintiffs' allegations. Thus, if it is clear from plaintiffs' allegations that the Central District would be a more convenient forum, no additional evidence is required.

### Plaintiffs' Choice of Forum

Obviously, plaintiffs chose this forum. Though plaintiffs' forum choice is usually accorded great deference, such deference is inappropriate in this case because plaintiffs do not reside in this district and, as discussed below, the litigation has no significant contact with it. Bryant v. ITT Corp., 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999); (Comp. ¶ 4). Accordingly, the fact that plaintiffs chose this forum militates in favor of keeping the case here, but only slightly.

## Situs of Material Events

In this suit, plaintiffs allege that the municipal and individual defendants wrongfully arrested and imprisoned them for robbing the Knoxville, Illinois branch of the defendant bank and that the bank breached its contract with them by disclosing their financial information to the police and by failing to take steps to prevent that disclosure. (Compl. ¶¶ 12-31, 56.) The bank is located in the Central District, the defendant municipalities, by whom the defendant police officers are employed, are located in the Central District, and the plaintiffs live in the Central District. (Id. ¶¶ 4, 7–8, 10-12.) Plaintiffs were stopped, interrogated, arrested and jailed[2] in the Central District and the bank's alleged disclosure of their financial information occurred in the Central District. (Id. ¶¶ 21-31, 35-39, 42, 56-60.)

Plaintiffs say, however, that the bank's failure to train its employees to protect customer information and to take other steps to prevent unauthorized disclosures likely happened at its headquarters, which are in this district. Even if that is true, it does not change the fact that the vast majority of the events underlying this suit occurred in the Central District. As a result, the situs of material events factor weighs heavily in favor of transfer.

## Ease of Access to Proof

The access to proof factor also favors transfer. Though the parties have not identified the witnesses they intend to call at trial, the complaint reveals that all of the people who provided information to the police concerning the robbery, who interrogated plaintiffs, conducted searches of

---

[2] Though plaintiffs do not specifically allege that they were jailed in the Central District, that is the only reasonable inference that can be drawn from the allegations in the complaint.

their residence and property, and made the decisions to arrest and detain them are located in the Central District. (Id. ¶¶ 7–8, 10-12, 17-32, 35-42.) Moreover, the tangible evidence pertaining to the tort claims – the bank surveillance tape, plaintiffs' computer records, the photos from the photographic lineup and the police and court records – is also located in the Central District.

Nonetheless, plaintiffs argue that the case should stay here because that is where the evidence relating to the bank's alleged failure to prevent the disclosure of their financial information is likely to be. (Id. ¶¶ 56-57.) The premise of this argument, that such proof resides only at the bank's headquarters, is illogical. Though headquarters' employees may be able to testify about the training given to the Knoxville branch employees and the information controls in place there, the Knoxville branch employees would be equally competent to do so.

Moreover, even if that evidence were only available here, that fact would not impact the analysis much. The heart of plaintiffs' suit, and the basis for eight of the nine counts, is their unlawful arrests and imprisonment; the contract claim is clearly subsidiary. All of the evidence concerning their arrests and imprisonment is in the Central District. Thus, even if one or two witnesses pertaining to the contract claim are located here, on the whole, it will be easier for the parties to access testimonial and documentary proof if the case is transferred to the Central District.

## Convenience of the Parties

The convenience of the parties factor also favors transfer. All of the parties, including plaintiffs, live, work or do business in the Central District. Thus, a trial in that district will be more convenient for everyone. Everyone, that is, but plaintiffs' counsel, whose offices are in Chicago. The convenience of plaintiffs' counsel, however, "is entitled to little (if any) weight" in the transfer

-5-

analysis. Spherion Corp. v. Cincinnati Fin. Corp., No. 01 C 2272, 2002 WL 126096, at 6 (N.D. Ill. Jan. 31, 2002).

**Interests of Justice**

The interests of justice factor is neutral. Both courts are familiar with the applicable law and could ably resolve the claims in this suit. Moreover, there is no related litigation pending in either district. Finally, the projected two-month difference in the wait for a trial in the Central District and the wait for one here is not substantial enough to tip the scale for or against a transfer.

**Conclusion**

On the whole, the balance of the statutory factors favors transferring this case to the Central District of Illinois, Peoria Division. The critical events took place there, the critical evidence and witnesses are located there, and a trial in that district will be more convenient for all parties. Defendants' 28 U.S.C. § 1404(a) motions to transfer are, therefore, granted. Defendant First Midwest Bancorp.'s motion to dismiss is dismissed without prejudice to being presented before the transferee court.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: May 30, 2002